UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| ROBERT PARR and<br>MICKI PARR, *individually and as husband and wife*,<br><br>    **Plaintiffs,**<br><br>V.<br><br>UNITED STATES OF AMERICA,<br><br>    **Defendant.** | CIVIL ACTION NO. 5:15-cv-299-KKC<br><br><br>MEMORANDUM OPINION & ORDER |

*** *** ***

This matter is before the Court on Defendant's motion to dismiss and Plaintiffs' motion to amend the complaint. (DE 7; DE 10). For the reasons set forth below Plaintiffs' motion will be granted and Defendant's motion will be denied.

## I. INTRODUCTORY MATTERS

Plaintiffs' claims arise out of Plaintiff Robert Parr's period of incarceration at the Federal Medical Center in Lexington, Kentucky (FMC Lexington), from January 21, 2014, through July 10, 2015. (DE 1.) Plaintiffs' original complaint alleged negligence, cruel and unusual punishment, and loss of consortium resulting from the medical care Plaintiff received for Charcot foot while imprisoned. (DE 1.) Plaintiffs' amended complaint seeks to voluntarily dismiss the loss of consortium claim and no longer asserts any claim by Robert Parr's wife, Micki. (DE 10-2.) Further, the amended complaint adds Plaintiff's treating physician Dr. Maria Marrero as a Defendant. Because the Plaintiffs' (hereinafter "Plaintiff") motion meets the Federal Rules' requirements for amendment as a matter of course, the motion will be granted. Fed. R. Civ. P. 15(a)(1)(B).

Defendant maintains that Plaintiff's Eighth Amendment claim against the United States must be dismissed for lack of jurisdiction. (DE 12.) However, the face of Plaintiff's amended complaint makes clear that Plaintiff no longer intends to pursue such a claim. (DE 10-2 at 2.) Plaintiff's sole claim against the United States is in tort under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). (DE 10-2 at 2.) The only issue raised by Defendant's motion that has not been mooted by Plaintiff's amended complaint is the Government's contention that Plaintiff's negligence claim should be limited to events occurring before April 1, 2015, Plaintiff's administrative filing date. (DE 12.) The Court will address the exhaustion issue below.

## II. ANALYSIS

The FTCA limits this Court's jurisdiction to hear tort claims against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency[.]" 28 U.S.C. § 2675(a). Presentment, as a prerequisite to filing, requires a claimant to "1) give written notice of a claim sufficient to enable the agency to investigate the claim and 2) place a value (or 'sum certain') on the claim." *Glarner v. U.S., Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994) (citations omitted). The Government does not dispute that Plaintiff filed an administrative claim on April 1, 2015, that the claim contained a "sum certain," or that a denial was effected July 17, 2015. (DE 10-2 at 2.) Thus, Plaintiff has clearly exhausted *some* claim; however, the crux of the parties' dispute is the scope of that exhaustion.

Defendant contends that Plaintiff's claims must be limited to the period between October 11, 2014, the date he alleges the negligence began, and his administrative filing date because any claims outside that range "could not possibly have been exhausted administratively and thus the BOP has not had an opportunity to consider or respond to

2

those claims outside this litigation." (DE 7-1 at 5.) Plaintiff responds that the appropriate end date for exhaustion is July 10, 2015, his release date, because "[n]othing in the statute bars a claim for continuing negligence, or requires a Plaintiff suffer the worst of his damages before he may file a Form 95, or a lawsuit." (DE 11 at 2, 4.)  Because this Court finds that Plaintiff's administrative claim adequately informed the Government of the scope of the claims now brought, Defendant's motion to limit the scope of Plaintiff's claims will be denied.

> Plaintiff's administrative claim provides as its basis that:
>
> Beginning on or about October 11, 2014 and continuing thereafter through the date of this Form 95, Robert Parr has been provided grossly negligent medical care by physicians and health care providers at the Federal Medical Center Lexington. Despite suffering from severe pain and swelling in his right foot related to his severe diabetes, physicians and healthcare providers at FMC failed or refused to provide appropriate and necessary medical care, resulting in significant debilitating pain and worsening of Charcot foot. *He has now developed symptoms in his left foot and is being denied treatment* (see attached)

(DE 7-1 at 10 (emphasis added).) This written notice was sufficient to enable investigation of all the claims now raised. Defendant's assertion that the administrative complaint "could not possibly have contemplated events that had not yet occurred," (DE 12 at 2), is belied by a plain reading of the foregoing basis statement. Plaintiff informed the Bureau of Prisons (BOP) of his belief that he had previously been harmed by negligent failures to treat diabetic complications in his right foot, and that similar symptoms and similar negligent denials were occurring with regard to his left foot. It is unclear what more the Plaintiff might have done to inform the BOP of his claims to an ongoing negligent failure to treat diabetic complications in his feet.

The notice need only be sufficient to allow an agency investigation. *Glarner v. U.S., Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994). Plaintiff's detailed allegations

regarding his right foot, combined with his assertion of similar treatment denials regarding his left foot, placed the Government on notice to investigate all of his foot-related treatment. The administrative form submitted by Plaintiff identified a sum certain, and provided the Government sufficient information to investigate the claims now before this Court. The statutory exhaustion requirements were satisfied, and thus, this Court retains jurisdiction over Plaintiff's claims.

Accordingly, **IT IS ORDERED** that:

1. Plaintiffs' motion to amend the complaint (DE 10) is **GRANTED**; and

2. Defendant's motion to dismiss (DE 7) is **DENIED**.

Dated April 21, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY