UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

**ROBERT PARR, et al.,**

    **Plaintiffs,**

**V.**

**UNITED STATES OF AMERICA, et al.,**

    **Defendants.**

**CIVIL ACTION NO. 5:15-299-KKC**

**OPINION & ORDER**

    This matter is before the Court on defendant Dr. Maria Marrero's motion to dismiss or, in the alternative, motion for summary judgment concerning plaintiff Robert Parr's first amended complaint. (DE 22). For the following reasons, Dr. Marrero's motion is **DENIED**.

## I. Background

    A lengthy discussion of the facts is not necessary for disposing of this motion.

    Parr was incarcerated at the Federal Medical Center located in Lexington, Kentucky, from January 21, 2014, until July 10, 2015. He has severe diabetes and alleges that the United States and Dr. Marrero,[1] the regional medical director, failed to provide him with "prompt, reasonable and medically necessary medical treatment." (DE 14, First amended complaint at 1).

    Parr brought suit against the United States under the Federal Tort Claims Act and against Dr. Marrero individually under the Eighth Amendment. Only Parr's claim concerning Dr. Marrero is currently before the Court.

## II. Analysis

    As an initial matter, the Court notes that Parr's claim against Dr. Marrero is a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In

---

[1] Dr. Marrero's name is spelled at least two different ways in the record. The Court will use her name as it is reflected on her affidavit.

that case, the Supreme Court "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). *Bivens* claims are the federal parallel to claims brought under 42 U.S.C. § 1983 against individuals acting under color of state law. *See Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### A. Dr. Marrero's motion to dismiss

First, the Court will analyze Parr's claim through the lens of Dr. Marrero's motion to dismiss for failure to state a claim. Such a motion is governed by Federal Rule of Civil Procedure 12(b)(6). That rule is a mechanism to enforce Rule 8, which governs the sufficiency of a complaint. In determining whether a plaintiff has properly pled a claim, the Supreme Court has stated that: "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Here, Parr has alleged that Dr. Marrero violated his Eighth Amendment right to be free from cruel and unusual punishment by exhibiting deliberate indifference to his medical needs. Dr. Marrero argues that qualified immunity protects her from suit.

As to whether Parr's factual allegations plausibly state a violation of the Eighth Amendment, "[a] prisoner has adequately stated a cause of action when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Scott v. Ambani*, 577 F.3d 642, 648 (6th Cir. 2009) (internal quotation marks omitted).

Case law establishes that the inquiry into whether a prison official acted with deliberate indifference has both an objective and subjective component. *Id.*

To satisfy the objective component, a plaintiff must show that his medical need is "sufficiently serious." *Id.* A medical need will meet this definition if it is has been diagnosed by a physician as mandating treatment or is one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013).

To satisfy the subjective component, a plaintiff must allege facts that show "the prison official had a 'sufficiently culpable state of mind.'" *Scott*, 577 F.3d at 648. The requisite state of mind is equivalent to criminal recklessness, and to be liable, a doctor need not have acted "for the very purpose of causing harm or with knowledge that harm [would] result," but she must have acted with more than mere negligence. *Santiago*, 734 F.3d at 591. Moreover, allegations of inadvertent failure to provide medical care or of a negligent diagnosis are insufficient to establish the requisite culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The subjective component is, therefore, a three-fold inquiry: "[a]n official is deliberately indifferent where she (1) subjectively perceived facts from which to infer substantial risk to the prisoner, (2) did in fact draw the inference, and (3) then disregarded that risk." *Santiago*, 734 F.3d at 591 (internal quotation marks omitted).

In his first amended complaint, Parr alleges that he suffers from Charcot foot, a complication related to his diabetes, by which the bones of the feet break and then fuse together in malalignment. (DE 14, First amended complaint at 5). Parr claims Charcot foot can lead to a dramatically increased likelihood of amputation of the feet. (DE 14, First amended complaint at 3).

The parties do not specifically dispute that Charcot foot is a serious medical need, and the Court finds that it is—particularly where Parr had been diagnosed by a physician as having the condition. Further, a lay person would likely recognize the need for a doctor's attention in regard

to the condition—especially if amputation is a possibility. The objective prong of the deliberate indifference analysis has thus been met. *See Langford v. Norris*, 614 F.3d 445, 461 (8th Cir. 2010) ("We assume for purposes of this appeal that [the co-plaintiff's] medical needs were objectively serious—which should be uncontroversial given the pernicious effects of Charcot foot, including severe pain and irreversible deformity.") (internal citation omitted).

Next, the Court must determine whether Parr's first amended complaint plausibly demonstrates a claim that Dr. Marrero had the culpable state of mind necessary for a finding of deliberate indifference.

Viewing the facts put forth in the light most favorable to Parr, the Court finds he has stated a deliberate indifference claim in regard to Dr. Marrero's actions. In his first amended complaint, Parr pled more than fifteen specific allegations against Dr. Marrero, including that she: removed and failed to replace his insulin pump; ignored repeated complaints of pain and requests for treatment; forced Parr to ambulate on broken feet; and despite repeated specific requests by Parr, refused him medical treatment, pain medications, and appropriate specialist approvals. (DE 14, First amended complaint at 6–8).

These facts permit Parr's first amended complaint to survive a motion to dismiss because they put forth a plausible claim that Dr. Marrero knew about his condition, *i.e.*, Charcot foot, and yet forced him to walk or move around on broken feet and hindered his ability to see a podiatrist.

Having found that Parr's first amended complaint states a plausible claim to relief under the Eighth Amendment, the Court must now examine whether Dr. Marrero is entitled to qualified immunity.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231

(2009) (internal quotation marks omitted). In practice, the doctrine balances two important interests: first is "the need to hold public officials accountable when they exercise power irresponsibly" and second is "the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.*

In that vein, qualified immunity helps prevent certain government defendants from unnecessarily having to go through litigation, including its early stages like discovery. *See Iqbal*, 556 U.S. at 685 ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery.") (internal quotation marks omitted).

Because qualified immunity is not merely a defense to liability but rather one to suit, Parr bears the burden of demonstrating that Dr. Marrero is not entitled to qualified immunity. *Gavitt v. Born*, 835 F.3d 623, 640–41 (6th Cir. 2016). At the pleading stage, Parr can carry his burden "by alleging facts making out a plausible claim that [the defendant's] conduct violated a constitutional right that was clearly established at the time of the violation." *Id.*

"To satisfy this requirement, the right allegedly violated must have been clearly established in a 'particularized' sense, such that a reasonable official confronted with the same situation would have known that his actions would be in violation of that right." *Id.* "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.* (internal quotation marks omitted).

Under a qualified immunity analysis, then, the Court must determine: (1) whether the facts alleged by Parr make out the violation of a constitutional right and (2) whether the right at issue was "clearly established" at the time of the alleged violation. *Id.* at 640 (citing *Pearson*, 555 U.S. at 231). The Court is free to ask these questions in either order. *Id.*

5

The Court answers the first question—whether the facts alleged by Parr make out the violation of a constitutional right—in the affirmative. As discussed above, Parr has put forth sufficient facts to enable him to withstand a motion to dismiss on his claim of an Eighth Amendment violation by Dr. Marrero.

Further, the Court will also answer the second question—whether the right at issue was clearly established at the time of Dr. Marrero's actions—in the affirmative. As the Sixth Circuit has recognized: "at least since the 1976 Supreme Court's decision in *Estelle v. Gamble*, the principle of law has been clearly established 'that deliberate indifference to serious medical needs of prisoners constitutes' a violation of the Eighth Amendment, regardless of whether that indifference is manifested by prison doctors or prison guards." *Nallani v. Wayne Cty.*, No. 15-2502, 2016 WL 7241400, at *10 (6th Cir. Dec. 15, 2016) (citing *Estelle*, 429 U.S. at 104–05).

Thus, Dr. Marrero's motion to dismiss will be denied. *See Gavitt*, 835 F.3d at 640 (noting that "if the qualified immunity questions presented are fact-intensive, the record may not be adequately developed to evaluate the defense at the pleading stage under Rule 12(b)(6)").

**B.  Dr. Marrero's motion for summary judgment**

Next, the Court will analyze Parr's claim under the summary judgment standard. The Court acknowledges that before a motion to dismiss can be converted to a motion for summary judgment, all parties must be given a reasonable opportunity to present all material pertinent to the motion. *Gavitt*, 835 F.3d at 640. Here, Dr. Marrero styled her motion as one to dismiss or, in the alternative, as one for summary judgment. However, the Court will deny Dr. Marrero's request for a dispositive ruling under either standard.

Under the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Moreover, entry of summary judgment is mandated, "after adequate time for discovery and upon motion, against a party who fails to

6

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

Dr. Marrero argues multiple times in her motion that Parr has failed to provide evidence to support his claim. However, Parr, at this early stage of litigation, has not had the opportunity to develop the necessary evidence with which to support his claim.

Thus, Dr. Marrero's motion for summary judgment will also be denied.

### III.     Conclusion

Taking the facts alleged in Parr's first amended complaint as true, the Court finds that he has stated a claim for relief that is plausible on its face. Thus, Parr's first amended complaint is sufficient to withstand Dr. Marrero's motion to dismiss for failure to state a claim. Finally, because discovery has not yet commenced on Parr's claim concerning Dr. Marrero, the alternative motion by Dr. Marrero for summary judgment will also be denied.

Accordingly, it is hereby **ORDERED** that Dr. Marrero's motion to dismiss or, in the alternative, motion for summary judgment (DE 22) is **DENIED**. The parties should proceed with discovery on Parr's claim as it relates to Dr. Marrero.

Dated March 23, 2017.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY